### STATE *vs.* LEO BROWN.

### Penobscot.    Opinion December 19, 1920.

*Construction of an ordinance of the City of Bangor.    Presumption that the enacting*
*body did not intend to exceed its authority.    The ordinance as whole,*
*in the light of its purposes, should be considered in*
*construing it.*

An ordinance of the City of Bangor provides that no person shall keep or occupy
a shop, storehouse, building or place of business for the purchase, possession,
storage, sale, barter of or trade in any junk, old metal, old rags, or second-
hand articles of personal property or articles of any. kind usually handled or
dealt in by junk dealers, nor shall any person keep or store such articles in
any building for any purpose or permit the same to remain in any building
after notice to remove them. . . . .

*Held*:

That the ordinance should be viewed as a whole and in the light of the purpose
for which it was enacted, and with the presumption that it was not the in-
tent of the enacting body to exceed its authority;

That the last clause as set forth above should be construed under the rules of
*ejusdem generis* and *a sociis noscitur* to mean that no person shall keep or
store such articles in any building for any of the aforementioned purposes,
viz: Storage, sale, barter or trade, and when so construed the ordinance as a
whole becomes harmonious and the provision in question a valid one.

On report on agreed statement. The respondent was found
guilty in the Bangor Municipal Court of a violation of a certain
ordinance of the City of Bangor relative to junk business, and ap-
pealed to the Supreme Judicial Court. The case was taken to the
Law Court on an agreed statement of facts and a certain stipula-
tion. Respondent to be adjudged guilty and sentenced to be im-
posed by the court below.

The case is fully stated in the opinion.

*A. L. Blanchard,* County Attorney, for the State.

*T. B. Towle,* for respondent.

*James B. Mountaine,* City Solicitor, for Bangor.

SITTING: CORNISH, C, J., SPEAR, HANSON, PHILBROOK, MORRILL, WILSON, JJ.

WILSON, J. Among the ordinances adopted by the City Council of Bangor regulating the purchase and sale of junk and second-hand articles, is the following:

Section 1. No person shall within the limits of this city keep or occupy any shop, storehouse, building or place of business for the purchase, possession, storage, sale or barter of or trade in any junk, old metal, old rags, or second-hand articles of personal property or articles of any kind usually handled or dealt in by junk dealers, *nor shall any person keep or store such articles in any building for any purpose or permit the same to remain in any building after notice to remove them,* or be a dealer in such articles unless duly licensed to be a dealer therein or purchaser of junk and second-hand articles as hereinafter provided.

Section 2, provides for the licensing of keepers of such places of business and also of suitable persons to buy by the ordinary methods of collecting such articles from house to house.

The respondent was brought before the Bangor Municipal Court on a complaint charging him with the violation of this ordinance. He was found guilty and appealed to the Supreme Judicial Court from which court the case comes before this court on an agreed statement of facts and with the following stipulation: That if the Law Court is of the opinion that the above mentioned part of said ordinance (which is the part in italics, the italics being ours for convenience of reference) is valid, the respondent is to be adjudged guilty and the case remanded for sentence, otherwise the complaint is to be quashed.

The contention of the respondent is that the part of the ordinance in italics is too general, and literally construed would be an unreasonable interference with the rights of the individual, and is therefore void.

The ordinance, however, should be viewed as a whole, in the light of the purpose for which it was enacted and with the presumption that it was not the intent of the enacting body to exceed its authority.

We think the provision in question must be construed to mean under familiar and well established rules of interpretation that no

person shall keep or store any such articles in any building for any of the aforementioned purposes, viz: Of storage, sale, barter or trade. Black on Interpretation of Laws, Page 141, Section 63, *Emerson* v. *E. & N. A. Railway*, 67 Maine, 387, 393; *Water Co.* v. *Water Co.*, 80 Maine, 544, 566; Trafton, Applt., 94 Maine, 579, 580; and when so construed the ordinance as a whole becomes harmonious and within the authority delegated to the City of Bangor under Par. XIII., Sec. 98, Chap. 4, R. S.

Under the stipulation the respondent will be adjudged guilty and sentence imposed by the court below.